IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-21-CR-00725-DB |
| Plaintiff, | § | |
| | § | **SEALED** |
| v. | § | |
| | § | **SUPERSEDING INDICTMENT** |
| (1) CHRISHAWN NEZ, | § | CT 1: 21:963 & 952(a)-Conspiracy to Import a Controlled Substance; |
| (2) ALEX BARRAZA, | § | CT 2: 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; |
| (3) STEVEN RENTERIA, | § | CT 3: 21: 963, 959(a) and 960-Conspiracy to Manufacture/Distribute Controlled Substance for Purpose of Unlawful Importation; |
| (4) YVETTE MARGARITA BARRAZA, | § | |
| (5) JAIME RENTERIA-FERNANDEZ, | § | |
|  | § | CT 4: 18: 924(o) and 924(c)-Conspiracy to Use and Carrying of Firearms During and in Relation to a Drug Trafficking Crime; |
| Defendants. | § | CT 5: 18:924(j) & 18:2-Murder Resulting From the Use and Carrying of Firearms During and in Relation to a Drug Trafficking Crime and Aiding and Abetting; |
| | § | CT 6: 18: 924(c) &18:2- Use and Carrying of Firearm During and in Relation to a Drug Trafficking Crime and Aiding and Abetting; |
| | § | CT 7: 21:952(a) & 18:2 - Importation of a Controlled Substance and Aiding and Abetting; |
| | § | CT 8: 21:841(a)(1) & 18:2 - Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting; |
| | § | CT 9: 21:952(a) & 18:2 - Importation of a Controlled Substance and Aiding and Abetting; |
| | § | CT 10: 21:841(a)(1) & 18:2 - Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting; |
| | § | CT 11: 18: 1956(h)-Conspiracy to Launder Monetary Instruments. |
| | § | *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE
(21 U.S.C. § 963, 952(a) & 960(a)(1))

That on or about April 1, 2020 through and including April 9, 2021, in the Western District of Texas and District of New Mexico, Defendants,

**(2) ALEX BARRAZA,**
**(5) JAIME RENTERIA-FERNANDEZ,**
■ ▬▬▬ ▌
▬▬▬▬▬▬

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved actual methamphetamine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of actual methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **(2) ALEX BARRAZA,** | 50 grams or more of methamphetamine | 960(b)(1)(H) |
| **(5) JAIME RENTERIA-FERNANDEZ,** | 50 grams or more of methamphetamine | 960(b)(1)(H) |
| ▬▬▬▬▬ | 50 grams or more of methamphetamine | 960(b)(1)(H) |
| ▬▬▬▬ | 50 grams or more of methamphetamine | 960(b)(1)(H) |

All in violation of Title 21, United States Code, Section 963.

## COUNT TWO
(21 U.S.C. §§ 846 & 841(a)(1))

That on or about April 1, 2020 through and including April 9, 2021, in the Western District of Texas and District of New Mexico, Defendants,

**(2) ALEX BARRAZA,**
**(5) JAIME RENTERIA-FERNANDEZ,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved actual methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Section 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of actual methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| (2) ALEX BARRAZA, | 50 grams or more of methamphetamine | 841(b)(1)(A)(viii) |
| (5) JAIME RENTERIA-FERNANDEZ, | 50 grams or more of methamphetamine | 841(b)(1)(A)(viii) |
|  | 50 grams or more of methamphetamine | 841(b)(1)(A)(viii) |
|  | 50 grams or more of methamphetamine | 841(b)(1)(A)(viii) |

All in violation of Title 21, United States Code, Section 846.

**COUNT THREE**
(21 U.S.C. §§ 963, 959(a) and 960(b)(1)(H))

That beginning on or about April 1, 2020, and continuing to and including on or about April 9, 2021, within the Republic of Mexico, Western District of Texas, District of New Mexico, and elsewhere, Defendants,

**(2) ALEX BARRAZA,
(5) JAIME RENTERIA-FERNANDEZ,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to manufacture and distribute a controlled substance, which offense involved 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, intending and knowing that such mixture and substance would be unlawfully imported into the United States. All in violation of Title 21, United States Code, Sections 963, 959 and 960 (b)(1)(H), in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of actual methamphetamine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **(2) ALEX BARRAZA** | 50 grams or more of methamphetamine | 960(b)(1)(H) |
| **(5) JAIME RENTERIA-FERNANDEZ** | 50 grams or more of methamphetamine | 960(b)(1)(H) |
|  | 50 grams or more of methamphetamine | 960(b)(1)(H) |
|  | 50 grams or more of methamphetamine | 960(b)(1)(H) |

## COUNT FOUR
(18 U.S.C. §§ 924(o) and 924(c))

That beginning on or about February 24, 2021 through and including on or about February 25, 2021, in the Western District of Texas and District of New Mexico, and elsewhere, Defendants,

**(2) ALEX BARRAZA,**
**(5) JAIME RENTERIA-FERNANDEZ,** ▇

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury, to possess and discharge a firearm, as defined in Title 18, United States Code, Section 921(a)(3), during and in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, Conspiracy to Import a Controlled Substance, in violation of Title 21, United States Code, Sections 963 and 952(a), Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Conspiracy to Manufacture/Distribute Controlled Substance for Purpose of Unlawful Importation, in violation of Title 21 United States Code, Sections 963, 959(a), and 960 (b)(1)(H), all in violation of Title 18, United States Code, Sections 924(c) and 924(o).

## COUNT FIVE
(18 U.S.C. §§ 924(j) and 2)

On or about February 25, 2021, in the Western District of Texas, District of New Mexico and elsewhere, the Defendants,

**(2) ALEX BARRAZA and**
**(5) JAIME RENTERIA-FERNANDEZ**

did during and in relation to a drug trafficking crime which they may be prosecuted in a court of the United States, namely, Conspiracy to Import a Controlled Substance, in violation of Title 21, United States Code, Sections 963 and 952(a), Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1),

and Conspiracy to Manufacture/Distribute Controlled Substance for Purpose of Unlawful Importation, Title 18, United States Code, Sections 963 and 959, did knowingly cause the death of a person through the use of a firearm, which killing is a murder as defined in Title18, United States Code, Section 1111, in that the Defendants, with malice aforethought, unlawfully killed a human being, that is, Deserey Sherri Gonzalez, willfully, deliberately, maliciously, and with premeditation and aided and abetted the same. All in violation of Title 18, United States Code, Sections 924(j) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (Pinkerton liability).

## COUNT SIX
(18 U.S.C. §§ 924(c) and 2)

On or about February 25, 2021, in the Western District of Texas and District of New Mexico, the Defendants,

### (2) ALEX BARRAZA and
### (5) JAIME RENTERIA-FERNANDEZ,

did knowingly discharge, carry and use a firearm, that is, a .22 caliber pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, Conspiracy to Import a Controlled Substance, in violation of Title 21, United States Code, Sections 963 and 952(a), Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Conspiracy to Manufacture/Distribute Controlled Substance for Purpose of Unlawful Importation, in violation of Title 21, United States Code, Sections 963 and 959, and aided and abetted the same, all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946) (Pinkerton liability).

## COUNT SEVEN
(21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(1)(H) & 18 U.S.C. § 2)

That on or about April 9, 2021, in the Western District of Texas, the Defendant,

### (2) ALEX BARRAZA,

knowingly and intentionally imported into the United States from Mexico a controlled substance, and aided and abetted the same, which offense involved 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(H)) and Title 18, United States Code, Section 2.

## COUNT EIGHT
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) & 18 U.S.C. § 2)

That on or about April 9, 2021, in the Western District of Texas, the Defendant,

### (2) ALEX BARRAZA,

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the same, which offense involved 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT NINE
(21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(1)(H) & 18 U.S.C. § 2)

That on or about February 24, 2021, in the Western District of Texas, the Defendants,

### (2) ALEX BARRAZA and
### (5) JAIME RENTERIA-FERNANDEZ,

knowingly and intentionally imported into the United States from Mexico a controlled substance, and aided and abetted the same, which offense involved 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(H)) and Title 18, United States Code, Section 2.

## COUNT TEN
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) & 18 U.S.C. § 2)

That on or about February 24, 2021, in the Western District of Texas, the Defendants,

### (2) ALEX BARRAZA and
### (5) JAIME RENTERIA-FERNANDEZ,

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the same, which offense involved 50 grams or more of actual methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT ELEVEN
(18 U.S.C. § 1956 (h) & 1956(a)(2)(A))

That on or about April 1, 2020 through and including on or about April 9, 2021, in the Western District of Texas, District of New Mexico, and elsewhere, the Defendants,

### (2) ALEX BARRAZA,
### (5) JAIME RENTERIA-FERNANDEZ, ▮

did knowingly conspire, confederate, and agree together and with other persons to the Grand Jury known and unknown to commit offenses against the United States, that is, to violate Title 18, United States Code, Section 1956(a)(2), to wit: to knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments, such monetary instruments consisting of United States currency from a place in the United States, that place being within the Western District of Texas, El Paso, Texas, and District of New Mexico, Albuquerque, New Mexico, to a place outside the United States, that place being Ciudad Juarez, Chihuahua, Mexico; with the intent to promote the carrying on of a specified unlawful activity, Conspiracy to Import a Controlled Substance, in violation of Title 21, United States Code, Sections 963 and 952(a), Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Conspiracy to Manufacture/Distribute

Controlled Substance for Purpose of Unlawful Importation, Title 21, United States Code, Sections 963 and 959, all in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 963, 952(a), 846, 841(a)(1), (b)(1)(A)(viii), 959(a), 960(a)(1) and (b)(1)(H), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the criminal violations set forth above, the United States of America gives notice to Defendants (2) ALEX BARRAZA, (5) JAIME RENTERIA-FERNANDEZ, ▮ ▮ and ▮ of its intent to seek the forfeiture of certain properties upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

### Title 21 U.S.C. § 853. Criminal Forfeitures
### (a) Property subject to criminal forfeiture
\* \* \*

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Firearms Violations and Forfeiture Statutes
[18 U.S.C. §§ 924(o), (c), (j), and (c)(1)(A), subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth above, the United States gives notice to Defendants (2) ALEX BARRAZA, (5) JAIME RENTERIA-FERNANDEZ, ▮ ▮ ▮ of its intent to seek the forfeiture of certain properties upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

### Title 18 U.S.C. § 924.
(d)(1) Any firearm or ammunition involved in or used in any knowing violation of . . . section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . .

## III.
### Forfeiture Statutes for Money Laundering
[Title 18 U.S.C. § 1956(h), and (a)(2)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to Defendants **(2) ALEX BARRAZA, (5) JAIME RENTERIA-FERNANDEZ,** ▇ ▇ ▇, of its intent to seek the forfeiture of certain properties upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

**Title 18 U.S.C. § 982. Criminal Forfeiture**
(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney