**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-21-CR-0725-DB-5** |
| | § | |
| **JAIME RENTERIA-FERNANDEZ,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION FOR ORDER TO COMPEL DETENTION FACILITY TO ALLOW POSSESSION AND USE OF LAPTOP COMPUTER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant Jaime Renteria-Fernandez, by and through undersigned counsel, and respectfully moves this Court for an order directing the Otero County Detention Facility, in which Defendant is currently detained, to permit him to possess and use a password-protected laptop computer for the purpose of reviewing discovery and preparing his defense. In support, Defendant would show the Court the following:

**I. BACKGROUND AND NEED FOR COMPUTER**

1. Mr. Renteria-Fernandez is charged in a Second Superseding Indictment with Conspiracy to Import a Controlled Substance, Importation of a Controlled Substance, Murder Resulting from the Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Crime, Conspiracy to Use and Carry Firearms During and in Relation to a Drug Trafficking Crime and Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Crime. The allegations arise from a complex multi-defendant prosecution involving alleged narcotics trafficking and related violent offenses spanning the Western District of Texas, the District of New Mexico, and elsewhere.

2. Discovery in this case is exceptionally voluminous and continues to expand. To date, the Government has produced thousands of pages of reports, investigative materials, warrants, affidavits, laboratory reports, and other PDF documents; more than 1.1 gigabytes of recorded interviews; hundreds of jail calls; numerous photographs; audio and video recordings; and other electronically stored information. The volume and digital nature of this discovery make meaningful review in paper format impractical and, in many instances, impossible. A secure laptop is therefore necessary to allow Defendant to efficiently review the evidence, including searchable PDF documents and multimedia files, and to meaningfully assist counsel in the preparation of his defense.
3. Defendant has a constitutional right to meaningfully review discovery and to participate in his defense. *See* U.S. Const. amends. V, VI. Attempting to review this discovery solely in hard copy is impractical, unduly costly, and poses unnecessary security risks by requiring Defendant to maintain sensitive materials in his cell.
4. Providing a secure, court-authorized laptop will permit Defendant to efficiently review digital discovery and assist counsel in preparing his defense, while maintaining compliance with institutional security protocols.
5. Additionally, undersigned counsel requests that the Court approve CJA funds for the procurement and modification of the laptop. In support thereof, Defense counsel attaches a proposal for the services and purchase of a conforming laptop.

**II. PRECEDENT FOR ALLOWING SECURE LAPTOP USE**

6. Courts have repeatedly authorized defendants in complex cases to possess secure laptops for discovery review. *See, e.g., United States v. Gaytan-Carrillo*, CR 23-1623 MLG (D.N.M.) (unopposed motion and order allowing laptop with restricted access).

7. These orders recognize that in cases with extensive electronic discovery, laptop access is essential to safeguard defendants' due process rights and facilitate effective assistance of counsel.
8. Further, AUSA Johnson has represented that the Government is opposed to the instant motion.

## III. PROPOSED SECURITY CONDITIONS

Counsel is prepared to furnish and configure a laptop subject to the following restrictions:

- The laptop will have no internet access and no Wi-Fi capability.
- Any camera or microphone will be disabled.
- The laptop will be password-protected with separate profiles for Defendant ("inmate"), defense counsel, and administrator.
- Defendant's access will be limited solely to viewing discovery materials. He will have no ability to create, modify, or delete files.
- USB ports will remain disabled during Defendant's use. Counsel may temporarily enable them only to upload additional discovery, after which they will be disabled again.
- The laptop will be subject to inspection by the U.S. Marshals Service and Otero Detention Facility staff prior to release to Defendant and periodically thereafter to ensure compliance with security protocols.

## IV. RELIEF REQUESTED

WHEREFORE, premises considered, Defendant Jaime Renteria-Fernandez respectfully requests that this Court enter an Order compelling the Otero County Detention Facility to permit him to possess and use a secure laptop computer, subject to the above security conditions, for the sole purpose of reviewing discovery and assisting in his defense.

Respectfully submitted,

Valenzuela Law Firm
701 Magoffin Avenue
El Paso, Texas 79901
(915) 209-2719
(915) 493-2404 fax

By: /s/ Felix Valenzuela
State Bar No. 24076745
felix@valenzuela-law.com

Joe Aureliano Spencer, Jr.
1009 Montana Ave
El Paso, TX 79902-5411
(915) 532-5562
State Bar No. 18921800
joe@joespencerlaw.com

Damian Rasmussen
4621 Pershing Drive
El Paso, Texas 79903-1017
(915) 440-7785
State Bar No. 24110952
damian@damianrasmussenlaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 13, 2026, I efiled the foregoing with the CM/ECF system which will send notice to all parties.

/s/ Felix Valenzuela

**CERTIFICATE OF CONFERENCE**

I hereby certify that I transmitted the forgoing to AUSA Johnson, who represented that the Government is opposed to the instant motion.

/s/ Felix Valenzuela

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-21-CR-0725-DB-5** |
| | § | |
| **JAIME RENTERIA-FERNANDEZ,** | § | |
| **Defendant.** | § | |

**ORDER**

After due consideration of Defendant Jaime Renteria-Fernandez Motion for Order to Compel Detention Facility to Allow Possession and Use of Laptop Computer, and the responses and arguments of counsel, the Court is of the opinion that the Motion should be granted.

Accordingly, **IT IS HEREBY ORDERED** that the United States Marshals Service and the Otero County Detention Facility, where Defendant Jaime Renteria-Fernandez is detained by Order of this Court, shall permit Defendant to possess and use a laptop computer with appropriate charging cables, subject to the following conditions:

1. **Password Protection & Configuration**:
   - The laptop must be password-protected.
   - Defense counsel is AUTHORIZED to use CJA funds for procuring, configuring, and preparing the laptop, as detailed in Defendant's Exhibit A.
   - The device shall include separate login profiles for Defendant ("inmate"), defense counsel, and administrator. Defendant will only have access to the "inmate" profile.
2. **Restrictions on Use**:
   - The laptop shall not have internet access, Wi-Fi capability, or any active camera or microphone.
   - All USB ports shall be disabled while the laptop is in Defendant's possession.

Defense counsel may temporarily enable the ports for the sole purpose of loading additional discovery and must disable them before returning the laptop to Defendant.

- Defendant's access shall be limited solely to reviewing discovery materials, including audio, video, images, and documents. Defendant shall not have the ability to create, edit, or delete any files.

3. **Security Inspections**:
   - Prior to delivery to Defendant, the laptop shall be submitted to the United States Marshals Service and/or Otero County Detention Facility staff for inspection to confirm compliance with this Order and any reasonable security requirements.
   - The laptop may be subject to periodic inspection thereafter, limited to confirming that no unauthorized modifications or uses have occurred.

4. **Discovery & Investigative Materials**:
   - Government discovery materials may be loaded onto the laptop.
   - Defense counsel may also load investigative materials relevant to the defense. These materials shall retain the work-product privilege and shall not be accessible to the government.

5. **Non-Disclosure of Passwords**:
   - Defendant cannot be compelled to disclose or unlock the contents of the laptop to anyone other than defense counsel or members of the defense team.
   - Detention facility personnel and the U.S. Marshals Service may request that Defendant log into the "inmate" profile solely to confirm compliance with this Order.

6. **Revocation of Privilege**:

    - Any violation of these conditions, or other reasonable conditions imposed by the Marshals Service or detention facility, may result in the revocation of Defendant's access to the laptop.

**IT IS FURTHER ORDERED** that Defendant's appointed counsel are authorized to use CJA funds to purchase a conforming laptop and hire a computer expert to modify the laptop in conformity with this Order, and pursuant to Defendant's Exhibit A.

**SO ORDERED**.

Signed and entered on this ________day of August 2026.

______________________________
**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**